**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
GLENN JOHNSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

Defendant.
-----------------------------------------------------------------X

**ORDER**

**23-cv-3091 (JHR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Parties were heard in an initial case management conference on November 28, 2023. The Court notes that Mr. Johnson is not represented by counsel, in other words Mr. Johnson is proceeding *pro se*. During the conference, the Court accepted the proposed case management plan attached for reference.

The Court and the Parties also discussed Mr. Johnson's request to amend the complaint after receipt of identifying information to be provided by Defendants in accordance with the Valentin Order. Mr. Johnson confirmed during that conference that he has mailed the responses to Defendants' identification interrogatories. The Court reiterated that Defendants have 30 days after receipt of Mr. Johnson's interrogatory responses to comply with the Valentin Order to identify John Doe officers. See Dkt. No. 31. Following receipt of the identifying information, Mr. Johnson has 3-weeks to amend his complaint. The Parties are directed to file a status update by **January 18, 2024** in the event that the amended complaint is not filed prior to that date.

The Parties also raised the possibility of early resolution in this action. Defendants are directed to contact Courtroom Deputy Christopher Davis via email **by December 8, 2023** at WillisNYSDChambers@nysd.uscourts.gov with proposed dates for the settlement conference in late January, February, and early March.

The Parties **are required** to prepare pre-conference submissions in accordance with Judge Willis's Standing Order for All Cases Referred for Settlement. These letters must be submitted **five business days prior to the date of the conference**. See § 3 of the Standing Order, ("no later than 5 business days before the conference, counsel for each party must send the Court by email a letter, marked "Confidential Material for Use Only at Settlement Conference," which should not be sent to the other parties. Defendants' letter should be sent to WillisNYSDChambers@nysd.uscourts.gov, and Plaintiff's letter should be mailed to Chambers 425, 40 Foley Square, New York, New York. This *ex parte* letter must not exceed 3 pages…The letter should include, at a minimum, the following: (a) the history of settlement negotiations, if any, including any prior offers or demands; (b) your evaluation of the settlement value of the case and the rationale for it; (c) any case law authority in support of your settlement position; and (d) any other facts that would be helpful to the Court in preparation for the conference."). Finally, Defendants should complete the attached form and submit it via email at least five business days prior to the conference.

**The Clerk of the Court is respectfully requested to mail a copy of this Order to *pro se* Plaintiff.**

SO ORDERED.

DATED: New York, New York
November 28, 2023

JENNIFER E. WILLIS
United States Magistrate Judge

# SETTLEMENT CONFERENCE FORM

**This form should be completed jointly by the Parties and emailed to WillisNYSDChambers@nysd.uscourts.gov at least five business days prior to the conference. The answers to this form will be kept confidential. Please cite to the relevant docket entry where appropriate.**

1. **Has a deadline for fact discovery been set in this case? If so, is discovery closed?**

   Yes_________ No___________
   If yes, the discovery deadline is/was______________

2. **Is there a deadline for expert discovery?**

   Yes_________ No___________
   If yes, the expert discovery deadline is/was______________

3. **Is either Party waiting to receive records (medical records, payroll records, expert reports, etc.) important to its case?**

   Yes_________ No___________
   If yes, what are those records?____________________
   Is the Party still prepared to settle even without receipt of those documents?
   _______________________

4. **Has a Motion to Dismiss or Motion on the Pleadings Been Filed?**

   Yes_________ No___________

   If yes, did the District Judge rule on the Motion to Dismiss?

   Yes_________ No___________

   If yes, please list the surviving claims below:

   _________________________

5. **Has a Motion for Summary Judgment Been Filed?**

   Yes_________ No___________

If yes, did the District Judge rule on the Motion?

Yes________ No__________

If yes, what did the District Judge rule?

Granted________ Denied__________ Granted in part _______________

6. **Are attorney's fees part of the damages calculation? If so, to date, what are the total attorney fees accumulated in the case?**

Yes__________ No____________

If yes, _$______________

7. **What are the estimated attorney fees for each side for the next stages of the litigation?**

Plaintiff $_______________ Prefer Not to answer_______________

Defendant$_______________ Prefer Not to answer_______________

8. **Are there any financial constraints affecting the settlement discussions the Court should be aware of?**

Yes________ No__________
If yes, what are those financial constraints?__________________

9. **What was Plaintiff's last best offer? When was this offer made?**

$________________

Date of Offer:____________

10. **What was Defendant's last best offer? When was this offer made?**

$________________

Date of Offer:____________

11. **Are there any other impediments to settlement that the Court should be aware of?**

Yes________ No__________
If yes, please describe.___________________

Revised August 23, 2022

**STANDING ORDER FOR ALL CASES REFERRED FOR SETTLEMENT TO MAGISTRATE JUDGE JENNIFER E. WILLIS**

**Chambers**
40 Foley Square, Room 425
United States Courthouse
New York, NY 10007
Telephone: (212) 805-0244
WillisNYSDChambers@nysd.uscourts.gov

**Courtroom**
40 Foley Square, Room 228
United States Courthouse
New York, NY 10007

Introduction

The Court believes the parties should fully explore settlement at the earliest practical opportunity. Early consideration of settlement allows the parties to avoid the substantial cost, expenditure of time, and uncertainty that are typically a part of the litigation process. Even for those cases that cannot be resolved, early consideration of settlement can provide the parties with a better understanding of the factual and legal nature of their dispute and streamline the issues to be litigated.

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. It also requires the earnest consideration of the other side's point of view, as the quote above suggests. Set forth below are the procedures the Court will require the parties and counsel to follow and the procedures the Court typically will employ in conducting the conference.

1. Confidential Nature of Conference. All settlement conferences are "off the record." All communications relating to settlement are strictly confidential and may not be used for any purpose. They are not to be used in discovery and will not be admissible at trial.

2. Magistrate Judge's Role. The magistrate judge functions as a mediator, attempting to help the parties reach a settlement. Efficient use of this process requires that counsel and their clients be (a) prepared for the conference, and (b) candid with the mediator.

3. Ex Parte Settlement Letter. Unless otherwise ordered by the Court, no later than 5 business days before the conference, counsel for each party must send the Court by email a letter, marked "Confidential Material for Use Only at Settlement Conference," which should not be sent to the other parties. The letter should be sent to WillisNYSDChambers@nysd.uscourts.gov. This ex parte letter must not exceed 3 pages, unless permission to do so has been granted by the Court.

A courtesy copy of the settlement letter shall be submitted to the Court no later than 1 business day after submission of the letter if the exhibits to the letter exceed 10 pages. The courtesy copy should be placed in well-organized three-ring binder(s). Where appropriate, the binder(s) shall be separated by tab dividers preceded by an exhibit list.

If a party is submitting a video, the clip shall be provided on a thumb drive delivered to Chambers and labeled with a case name and docket number. Alternatively, the clip may be emailed to Chambers.

The letter should include, at a minimum, the following: (a) the history of settlement negotiations, if any, including any prior offers or demands; (b) your evaluation of the settlement value of the case and the rationale for it; (c) any case law authority in support of your settlement position; and (d) any other facts that would be helpful to the Court in preparation for the conference. The reason the letter is to be submitted ex parte is to ensure that counsel are candid with the Court as to the strengths and weaknesses of their case, and to provide a realistic assessment of the litigation risks each party faces were the case to be resolved on the merits.

If the plaintiff has not already made a settlement demand, such a demand shall be communicated to the opposing party no later than 14 days prior to the conference. If it has not already done so, the opposing party shall respond to any demand no later than 7 days thereafter. Even if plaintiff has made a demand as part of a court-ordered or private mediation previously attended by the parties, plaintiff is still required to make (or renew) a demand 14 days prior to the conference, and defendant must respond within 7 days. The parties should not wait for the settlement conference to commence negotiations of a resolution of their dispute.

4. Acknowledgment Form. Counsel shall complete the Acknowledgment Form that appears following this Standing Order. This Form must be submitted at the same time as the Ex Parte Settlement Letter by email to WillisNYSDChambers@nysd.uscourts.gov as a PDF attachment with a copy simultaneously emailed to all counsel of record who will be participating in the settlement conference. To be crystal clear, the Court expects a party to send the Ex Parte Settlement Letter in one email just to the Court, and to send a separate email to the Court, copying all other counsel, with the Acknowledgment Form.

5. Attendance of Parties Required. The parties — not just the attorneys — must attend in person. A party's attendance is essential to the settlement process. It is vital that parties hear the other side's presentation and have the opportunity to speak with the mediator outside the presence of any adversary.

If a party resides more than 100 miles from the Courthouse and it would be a great hardship for the party to attend in person, upon written application in advance of the conference in the form of a letter-motion to be filed on ECF, I will sometimes excuse that party's presence but I will require that party to be available by telephone throughout the settlement conference. Each party must supply its own simultaneous interpreter (who need not have any special certification), if required. The Court does not provide interpreters for settlement conferences.

When a corporate party or labor union is a party, counsel of record must be accompanied by the person with decision-making authority who gives directions to counsel of record (not someone who has received settlement authority from someone else). Where liability insurance is involved, a decision-making representative of each insurance carrier must attend in addition to the insured. This includes each excess carrier unless specifically excused by the Court at least one week before the conference. Because it is important that the decision-makers with respect to settlement hear their adversaries' presentations and be available to answer questions from the Court, the person who attends must be the person with responsibility for determining the amount of any ultimate settlement and who has not had limitations placed by another person with respect to his or her authority to settle. That is, corporate parties, labor unions, and insurance companies (or any other party that is not a natural person) must send to the conference the person ultimately responsible for giving settlement authority, not someone who has received authority from someone else.

When any government agency is a party, counsel of record must be accompanied by a knowledgeable representative from the agency (or, if the agency official with knowledge is more than 100 miles from the Courthouse, the official must be available to participate by telephone). In addition, in cases where the Comptroller of the City of New York has authority over settlement, the Assistant Corporation Counsel must make arrangements in advance of the conference for a representative of the Comptroller either to attend the conference or to be available by telephone for the duration of the conference to approve any proposed settlement.

6. Consequences of Non-Compliance with Attendance Requirements. If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from each insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses, and may face other sanctions.


7. Conference Procedures. Unless advised otherwise by the Court, the conference will take place in Courtroom 228 at 40 Foley Square. At the outset of the mediation, each attorney should be prepared to make a brief presentation in the presence of each other and the parties, summarizing not merely a party's positions, but the party's interests as well. Written remarks read aloud are usually ineffective. Counsel are also reminded not to treat their opening remarks as if they were the equivalent of a jury address. While there is no formula for the most effective presentation, counsel should consider addressing (a) the most important issues of fact and law, (b) the most recent offer or demand communicated to opposing counsel, and (c) any other matters that may help to advance settlement. The merits of the case are obviously relevant to the value of a potential settlement, but settlement conferences are not the place to make legal arguments. Discussion, if any, of legal issues should be offered solely in the context of settlement, not litigation. Counsel should gear their presentation to the opposing party, not the Court.

   After the initial "joint session," in most mediations the Court will spend the rest of the time meeting separately with each side. In these private meetings, the parties and their counsel should be prepared to discuss their position on settlement, the reasons for their position, the amount of attorneys' fees and litigation expenses incurred to date, and an estimate of the remaining cost of litigating the case to judgment, including any appeal.

8. Adjournments of Settlement Conferences. A party may make a written application by letter-motion filed on ECF consistent with Rule I.C. of the Court's Individual Practices to adjourn or advance the date of the settlement conference without providing cause if the application for a change in date is made at least one week prior to the scheduled conference date. Otherwise, counsel should set forth the reasons for seeking the change in date and must make the application by letter-motion as soon as counsel becomes aware of the need of or potential need for the change. In addition, the parties are required to seek a change in the date if (a) an adjournment would permit necessary discovery or exchange of information that would make the conference more fruitful, or (b) a client who would otherwise be permitted to participate by telephone would be available to attend the conference were it held on another date. Requests for an adjournment on the eve of the scheduled settlement conference are strongly disfavored and not likely to be granted. In no circumstances will a telephone request for an adjournment be entertained.

   To seek a change in date, the party should first consult with all other counsel as to their and their clients' (and insurers' if applicable) availability on at least three dates. The party must then file forthwith on ECF, as a letter-motion, a request to adjourn the settlement conference to the agreed-upon date and time.

Revised August 23, 2022

The conference date will not be deemed changed until Chambers receives the letter-motion and it is approved by the Court.

9. Settlement in Advance of Mediation. If all parties advise the Court in writing that the case has settled prior to the scheduled conference, I will ordinarily adjourn the conference sine die. In these circumstances, the parties should file a letter-motion on ECF requesting an adjournment of the settlement conference sine die, and the Court will then issue a text-only order.

10. No Effect on Other Deadlines. The scheduling of a settlement conference has no effect on any deadlines or other pending obligations in the case.

**SO ORDERED.**

Dated: August 23, 2022
New York, New York

Jennifer E. Willis
Jennifer E. Willis, U.S.M.J.

*March 2021*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

**GLENN JOHNSON**

Plaintiff,

against

**THE CITY OF NEW YORK ET AL.**

Defendant.

-------------------------------------------------------X

CIVIL ACTION NO.: 23 Civ. 3091 (JHR) (JW)

This proposed case management plan is adopted. SO ORDERED.

Jennifer E. Willis
Jennifer E. Willis
United States Magistrate Judge

November 28, 2023

**PROPOSED CASE MANAGEMENT PLAN FOR PRO SE CASE**

1. **Summary of Claims, Defenses, and Relevant Issues.**
Plaintiff/Defendant (circle one) _Plaintiff is bringing claims for deliberate indifference/failure to protect arising from the incident on July 1, 2020 at the Upper 4 Area of EMTC on Riker's Island. Plaintiff alleges he was attacked by the other inmates brandishing weapons and defendants did not prevent the inmates from slashing Plaintiff's eye. Defendants' defenses include but are not limited to: (a) the Complaint fails to state a claim upon which relief may be granted, (b) the defendants were not sufficiently on notice to any threat to plaintiff (c) defendant McCutchen is entitled to qualified immunity and (d) some or all of plaintiff's claims may be barred in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. section 1997(e) for failure to exhaust administrative remedies.

2. **I understand my obligation to and am preserving relevant information.**

Plaintiff/Defendant (circle one)

3. **Proposed Schedule**

All discovery should be completed by March 27, 2024

a. Depositions: Depositions shall be completed by March 27, 2024

b. Neither party may take more than 10 depositions. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    c. Initial Requests for Documents must be made by January 12, 2024.

d. Responses to Requests for Documents must be made by January 28, 2024.

e. Documents from third-parties (such as doctors) will/will not (circle one) be required. If required, the following are the third-parties from whom Documents will be requested.

f. __OBCC Clinic_____________________________________________
___EMTC Clinic
Possibly other medical providers the plaintiff has not mentioned.
_______________________________________________________________
_______________________________________________________________

g. Subpoenas requesting Documents from third-parties must be served by January 27, 2024. Documents obtained from third-parties must be provided to all parties in this matter.

h. There will/will not (circle one) be expert testimony in this case. If expert testimony will be needed, please describe the topic on which the expert(s) is expected to testify
_______________________________________________________________
_______________________________________________________________

4. **Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than March 27, 2024. The following information is needed before settlement can be discussed:

Paper Discovery, Plaintiff's Medical Records, Identification Interrogatory
_______________________________________________________________________
_______________________________________________________________________
_______________________________________________________________________

5. **Other Matters**

Plaintiff(s)/Defendant(s) (circle one) wish to discuss the following additional matters at the Initial Case Management Conference. __The Identification Interrogatory and whether there is another John Doe Correction Officer in this matter.________________________________________________________________
_

Respectfully submitted this 20 day of November.

*Joseph Zangrilli*

Name

100 Church Street, New York NY 10007

Address

212-356-2367

Phone number

jzangril@law.nyc.gov
Email

The City of New York and Correction Officer McCutchen

Party representing (if applicable)