UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENN JOHNSON,<br><br>         Plaintiff,<br><br>     -v.-<br><br>THE CITY OF NEW YORK, et al.,<br><br>         Defendants. | 23 Civ. 3091 (JHR) (JW)<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

  Plaintiff Glenn Johnson, acting *pro se*, brings this action against the City of New York (the "City"), the New York City Department of Corrections (the "DOC"), and Correction Officers Aishah McCutchen, Ravelo, and Cadet and Captain Weekes in their individual capacities, asserting, when liberally construed, claims of equal protection, lack of due process, and deliberate indifference for failure to train, protect, and intervene under the Fourteenth Amendment.[1] ECF No. 44 (the "First Amended Compl.") at 2. Plaintiff also appears to bring state law claims for negligence and negligent hiring, training, and retention or supervision. *Id*. In essence, Plaintiff avers that Defendants violated his rights when he was "physically assaulted with a weapon by several inmates," causing him to "sustain severe and permanent injuries." *Id.* at 4. Before the Court is the Report and Recommendation of Magistrate Judge Jennifer E. Willis recommending that the Court (1) grant Defendants' motion to dismiss all federal claims; (2) dismiss those claims without prejudice; (3) grant Plaintiff leave to amend; and (4) decline to exercise jurisdiction over the state law claims but allow leave to replead in the event that Plaintiff cures the deficiencies with respect to his federal claims. ECF No. 57 at 19. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the

---

[1] The first names of Officers Ravelo and Cadet and of Captain Weekes are not provided in the parties' filings.

reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Willis's recommendation.

## BACKGROUND

Plaintiff commenced this action on April 12, 2023.[2]  The Complaint named the City, the DOC, McCutchen, and an unnamed correction officer as Defendants.  ECF No. 1 ("Compl.") at 1.  On April 17, 2023, the Honorable Judge Laura Taylor Swain granted Plaintiff's application to proceed *in forma pauperis*.  ECF No. 4.  The case was then assigned to this Court.  On June 26, 2023, this Court issued an Order of Service dismissing the DOC "because the DOC, as an agency of the City of New York, cannot be sued in this action," ECF No. 6 at 1, and directing the New York City Law Department to "ascertain the identity and shield number of the John Doe whom Plaintiff seeks to sue here and the address where the Defendant may be served," *id.* at 2.  The Court referred the case to Judge Willis for general pretrial purposes and for a Report and Recommendation on dispositive motions.  ECF No. 7, 50.  Defendant the City appeared on August 24, 2023, ECF No. 14, and Defendant McCutchen appeared on October 23, 2023, ECF No. 27.  Defendants the City and McCutchen answered the Complaint on October 23, 2023.  *See* ECF No. 28.  On April 25, 2024, Plaintiff filed an amended complaint (the "First Amended Complaint"), adding Defendants Weekes, Ravelo, and Cadet.  First Amended Compl. at 3.

On May 9, 2024, Defendants the City and McCutchen moved to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 47 at 11.  Plaintiff filed a declaration in opposition to the motion on May 30, 2024.  ECF No. 53.  On August 14, 2024, Defendants the City and McCutchen filed a reply memorandum of law in further support of their motion to dismiss.  ECF No. 54.

---

[2] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed.  *See* ECF No. 57.

On February 18, 2025, Judge Willis issued a 20-page Report and Recommendation recommending that "Defendants' motion to dismiss regarding all federal claims be GRANTED"; "all Plaintiff's federal claims be DISMISSED without prejudice"; "Plaintiff be GRANTED leave to amend"; and "the Court decline [to] exercise jurisdiction over the state law claims but allow leave to replead in the event Plaintiff cures his federal claims." ECF No. 57 at 19.  The Report and Recommendation notified the parties that they had "fourteen days . . . to file written objections." *Id*.  The Report and Recommendation also cautioned that "failure to file objections within fourteen days w[ould] result in a waiver of objections and w[ould] preclude appellate review." *Id.* at 19-20.  No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of objections and w[ould] preclude appellate review," ECF No. 57 at 19-20, Plaintiff did

3

not file any objections to the Report and Recommendation.  Thus, Plaintiff waived the right to judicial review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is well reasoned and grounded in fact and law.

For the foregoing reasons, Defendants the City and McCutchen's motion to dismiss all federal claims is granted.  Plaintiff's federal claims are dismissed without prejudice.  Plaintiff is granted leave to amend.  The Court declines to exercise jurisdiction over Plaintiff's state law claims but allows leave to replead in the event that Plaintiff cures the deficiencies with respect to his federal claims.

The Clerk of the Court is directed to terminate ECF No. 45.

SO ORDERED.

Dated: March 30, 2025
New York, New York

JENNIFER H. REARDEN
United States District Judge

4